Lee WILLIAMS *v.* STATE of Arkansas

CR 78-219                                    580 S.W. 2d 488

Opinion delivered May 7, 1979
(In Banc)

*William M. Cromwell,* of *Rose, Kinsey & Cromwell,* for appellant.

*Steve Clark,* by: *Joseph H. Purvis,* Deputy Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. On September 22, 1978, appellant was convicted in the Sebastian County Circuit Court for the offense of Public Servant Bribery, the same being Ark. Stat. Ann. § 41-2703. He was fined the sum of $5,000 and appeals from said judgment.

The appeal is based upon an alleged grant of immunity to appellant by Charles Karr, Prosecuting Attorney. There was never any court order or other written agreement granting immunity to the appellant. This is then a fact question upon which the trial court has ruled.

Before we review the facts we will state that the burden was upon the appellant to prove the grant of immunity.

The charge in this case arose from the transactions between appellant, who was in the bail bond business in the Fort Smith area, and a former assistant city attorney, who was charged with Forgery in the Second Degree but convicted of the lesser included offense of Soliciting Unlawful Compensation. During the course of the investigation of the charges against the assistant city attorney some of appellant's records were subpoenaed by the prosecuting attorney. The wrong records were seized and the appellant made this known and then voluntarily surrendered the correct records

to assist in the prosecution of the assistant city attorney.

The evidence shows appellant and his attorney were the source of the original information concerning the assistant city attorney and that they cooperated fully throughout the case. Also, appellant and his attorney continued to show they expected immunity to be granted in return for their cooperation. However, there is nothing in the record to show the prosecuting attorney ever committed himself fully to the proposition that immunity would be granted to appellant.

Both appellant and his attorney testified that they understood all along that immunity would be or had been granted. It is evident the case against the assistant city attorney could not have been made without the testimony of appellant. Charles Karr stated he never promised immunity and one of his deputies stated he had no knowledge of such a promise ever having been made by Karr.

Appellant relies heavily upon our decision in *Hammers* v. *State,* 263 Ark. 378, 565 S.W. 2d 406 (1978). There we found, and it was undisputed, that the state had an agreement with the witness to grant immunity conditioned upon her agreement to testify against another party. Before the trial the accused entered a plea and it was not necessary for the witness, who had been granted immunity, to testify. She was ready, willing and able to testify but the plea negated the need for her testimony. When the witness Hammers was subsequently charged, she pleaded the grant of immunity. There we held the grantee of the promise of immunity was entitled to rely upon the undisputed promise of immunity and the state was bound to live up to its bargain.

We do not have the same facts before us as we had in *Hammers,* supra. We recognize the fact that appellant and his attorney expected and hoped for immunity but they have failed to meet the burden of showing there was ever an actual grant of immunity. Therefore, the trial court did not err in failing to grant appellant's motion to dismiss because he had been granted immunity.

Affirmed.

HARRIS, C.J., and FOGLEMAN, J., concur in the results.